# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALYSIA MAZZANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-022-GKF-PJC |
| | ) | |
| CITY OF OWASSO, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the Court on the Motion to Dismiss Common Law "Burk Tort" Claim [Dkt. #6] filed by defendant, City of Owasso. ("City"). The City argues that the common law *Burk* claim should be dismissed under FED. R. CIV. P. 12(b)(6) because the Oklahoma Anti-Discrimination Act ("OADA"), 25 OKLA. STAT. § 1101, *et seq.*, as amended in 2011, abolished *Burk* claims for employment-based discrimination.

In *Burk v. K-Mart Corp.*, 770 P.2d 24, 29 (Okla.1989), the Oklahoma Supreme Court recognized a common law cause of action for employees terminated "for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." During the 2011 Legislative session, the Oklahoma Legislature amended the OADA, effective November 1, 2011, to create a statutory cause of action for employment-based discrimination and to abolish common law remedies. 25 OKLA. STAT. §§ 1101(A), 1350(A).[1] The Oklahoma Legislature did not expressly make the amendment retroactive.

---

[1] Under Section 1350(G), a prevailing plaintiff may be entitled to injunctive relief, and is entitled to backpay and an additional amount as liquidated damages. 25 OKLA. STAT. §1350 (G). Subsection (H) permits the court to award the prevailing party a reasonable attorney fee. 25 OKLA. STAT. §1350 (H).

Plaintiff Alysi Mazzanti ("Mazzanti") was discharged by her employer, the City, on February 2, 2011. [Dkt. #2, Complaint, ¶16]. On January 19, 2012, Mazzanti, acting *pro se*, sued the City, asserting claims of hostile work environment, disability discrimination, gender discrimination and retaliatory discharge–all in violation of federal and state anti-discrimination statutes. In Count 11, she alleges a *Burk* tort, asserting she was unlawfully terminated on the basis of, *inter alia*, her complaints that the City was violating prisoners' civil rights. [Id. ¶¶ 13, 76].

Under Oklahoma common law, a cause of action accrues when the claim can be maintained. *Brown v. Creek Cnty. ex rel. Creek Cnty. Bd. of Cnty. Com'rs*., 164 P.3d 1073, 1075 (Okla. 2007). Mazzanti was terminated by the City on February 2, 2011 [Id. ¶ 16], and followed the procedural requirements of 25 OKLA. STAT. 1350(B), filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 26, 2011. [Id. ¶ 5]. The EEOC issued a "Right to Sue Letter" on October 26, 2011. [Id. ¶ 6]. Therefore, Mazzanti's claim accrued days before the OADA "exclusive remedies" amendment took effect on November 11, 2011.

The initial issue presented by the motion to dismiss is whether the 2011 OADA amendment abolishing common law remedies for employment-based discrimination applies retroactively to require dismissal of Mazzanti's *Burk* tort claim.

"The general rule in Oklahoma is that statutes, and amendments, are to be construed to operate only prospectively unless the Legislature clearly expresses a contrary intent." *Welch v. Armor*, 776 P.2d 847, 850 (Okla. 1989). The exception to this rule is that "*remedial . . .* statutes which do not *create, enlarge, diminish, or destroy vested rights* are generally held to operate

retrospectively." *Id.* (emphasis added).² The United States Court of Appeals for the Tenth Circuit has held that a state is free to substitute one remedy for another. *Swanson v. Bates*, *et al.*, 170 F.2d 648, 650 (10th Cir. 1948). Likewise, the Oklahoma Supreme Court has held that where a new law takes away a remedy, the new law does not destroy a right so long as it provides a "substantially similar" remedy. *Barry v. Board of Com'rs of Tulsa Cnty.,* 49 P.2d 548, 550 (Okla. 1935).

The language of the OADA amendment appears on its face to be a remedial enactment. 25 OKLA. STAT. § 1101 (A) ("This act provides for exclusive *remedies* . . ."). However, the remedy provided by the OADA is not "substantially similar" to that of a *Burk* Tort, in that it does not allow for awards of punitive damages or other damages generally allowed in tort. *Barry,* 49 P.2d at 550; *Burk*, 770 P.2d at 28 ("Recoverable damages including punitive damages in such actions are governed by our statutory and common law principles of tort liability.").³ The OADA amendment significantly limits the type and amount of damages a plaintiff could recover, and so diminishes a remedial right available to Mazzanti at the time her claim accrued. *See Bierman v. Aramark Refreshment Services, Inc.*, 198 P.3d 877, 884 (Okla. 2008) (holding that the prevention of an injured party from seeking punitive damage affected a substantial right). Because Section 1101(A) diminishes a substantive right and is not merely a substitute for the common law remedy it aims to eliminate, it cannot apply retroactively in destroying Mazzanti's common law *Burk* claim. Therefore,

---

² Mazzanti argues the court should deny the motion because defendant has not shown the Legislature intended the amendment to apply retroactively. While legislative intent is a factor in determining whether an amendment should apply retroactively, Mazzanti has failed to acknowledge the exception for remedial enactments. *Welch*, 776 P.2d at 850.

³ It could be argued that the liquidated damages provision in Section 1350(G) (entitling a prevailing plaintiff to collect an "additional amount of liquidated damages") functions as a punitive liquidated damages provision, as the legislature did not limit the amount of liquidated damages that could be awarded. 25 OKLA. STAT. § 1350 (G). However, Section 1350(G) does not direct courts to double or triple the damage amount as an attempt to punish or deter defendants, as is indicative of punitive liquidated damages clauses. *See Culbertson v. McCann*, 664 P.2d 388, 396 (Okla. 1983).

if Mazzanti has successfully pleaded facts supporting a *Burk* tort, the motion to dismiss must be denied.

In order to withstand a 12(b)(6) motion, a plaintiff must allege sufficient facts so that a "claim for relief ... is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). A court considering a motion to dismiss must "accept all the well-pleaded allegations of the complaint as true . . . and . . . construe the allegations in the light most favorable to the plaintiff." *Id*. at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir.2007). A motion to dismiss should be granted where the complaint is no "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555; *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). There is, however, a less stringent standard for *pro se* complaints. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hall v. Bellmon*, 935 F.2d at 1110. Notwithstanding the *pro se* plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Id*.

Under Oklahoma's common law doctrine of "at-will" employment, an employer has the right to terminate an employee at any time "in good or bad faith, with or without cause." *Wilson v. Yuba Heat Transfer*, 2011 WL 3241385 at *2 (N.D.Okla. July 28, 2011) (citing *Darrow v. Integris Health, Inc.*, 176 P.3d 1204, 1210 (Okla. 2008)). A *Burk* tort "applies only to a narrow class of cases and must be tightly circumscribed." *Darrow*, 176 P.3d at 1210. When asserting a *Burk* claim, a plaintiff must identify an "Oklahoma public policy goal that is *clear and compelling* and articulated in existing constitutional, statutory, or jurisprudential law." *Clinton v. State ex rel. Logan County Election Bd.*, 29 P.3d 543, 546 (Okla. 2001) (emphasis added). Courts may dismiss a *Burk* claim

where the plaintiff "cannot allege a clear expression of public policy." *Pitts v. Electrical Power Systems, Inc.*, 2008 WL 2364998 at * 2 (N.D.Okla. June 6, 2008) (citing *Burk*, 770 P.2d at 29)**.**

In this case, the plaintiff has not identified any "clear and compelling public policy" in her Complaint. *Burk*, 770 P.2d at 29. Even under the more lenient *pro se* standard, a plaintiff must allege *sufficient facts* despite any lack of legal understanding. *Hall*, 935 F.2d at 1110 (noting that "a *pro se* plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [s]he must provide such facts if the court is to determine whether [s]he makes out a claim on which relief can be granted"). Plaintiff's cryptic allegation that the City violated "prisoners' civil rights" does not by itself suffice to describe a "clear and compelling" public policy. *Clinton*, 29 P.3d at 546. In light of the mandate that courts must "tightly circumscribe[]" public policy exceptions, the total absence of factual allegations identifying a specific, well-established, clear and compelling state-declared public policy warrants dismissal of the *Burk* tort claim. *Darrow*, 176 P.3d at 1210.

For the reasons set forth above, Defendant's Motion to Dismiss Common Law "Burk Tort" Claim [Dkt. #6] is granted.

**IT IS SO ORDERED** this 27th day of June 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT